**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| Plaintiff | : | |
| vs. | : | |
| GDOC Commissioner BRIAN OWENS, *et al.*, | : | NO. 5:11-cv-34 (MTT) |
| Defendants | : | **O R D E R** |

*Pro se* plaintiff **DANIEL ERIC COBBLE**, who is currently confined at Telfair State Prison in Helena, Georgia, filed this 42 U.S.C. § 1983 complaint, along with a request to proceed *in forma pauperis*, while he was an inmate at Hancock State Prison ("HSP"). Plaintiff originally filed his complaint in the United States District Court for the Northern District of Georgia. On February 2, 2011, United States District Judge Harold L. Murphy transferred plaintiff's complaint to this Court, because HSP is located in the Middle District of Georgia. Plaintiff's only named defendants are Brian Owens, the Commissioner of the Georgia Department of Corrections ("GDOC"), and three Cobb County court officials.

As catalogued by Judge Murphy, plaintiff has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. As such, plaintiff cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g).

Plaintiff's complaint is handwritten, 34 pages long, and makes rambling, wide-ranging allegations about misconduct occurring at several different prisons and over a period of many years. Plaintiff has apparently named the three Cobb County court officials because he requests that his 2003 conviction there be "overturned and dismissed." As pertains to HSP, plaintiff complains about his failure to be placed in protective custody while he was confined at that prison. Notwithstanding plaintiff's request, he alleges that he was placed in a cell in the "hole" with another inmate, with whom plaintiff got into a fight because the inmate threatened to rape plaintiff. Plaintiff failed to name in his caption and/or describe in his complaint any actions taken by specific HSP employees in relation to this claim.

As discussed by Judge Murphy in his February 2, 2011 transfer order, plaintiff's challenge to his conviction must be presented in a valid habeas petition. Accordingly, plaintiff has alleged no valid section 1983 against the three Cobb County defendants. Although plaintiff summarily claims that GDOC Commissioner Owens has "repeatedly put [plaintiff] in imminent danger of bodily injury," he alleges no specific facts supporting this general claim. Plaintiff thus has likewise not alleged any valid claim against Owens. Further, this Court will not consider the various independent claims plaintiff makes arising out of multiple prisons, some of which are not located in the Middle District of Georgia.

With respect to plaintiff's claims arising at HSP, plaintiff alleges that he was in "imminent danger of bodily injury." The mere fact that plaintiff had previously gotten into a fight with another inmate is not sufficient to show that he was in imminent danger of serious physical injury *at the time he filed his complaint*. **See Hoffman v. Dept. of Corrections**, 2010 WL 1133338 (S.D. Fla. Feb. 19,

2010).  Moreover, even if plaintiff were in imminent danger at the time he filed his complaint, he has not named any responsible HSP defendants.  Finally, as noted above, plaintiff has been transferred to another prison and is no longer in "imminent danger" at HSP.[1]

Because plaintiff has more than three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form **and** the entire $350.00 filing fee.  As the Eleventh Circuit held in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 18th day of February, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[1] Although the Ninth Circuit Court of Appeals has concluded the post-filing transfer of a prisoner does not obviate his allegations of imminent danger, *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007), the Eleventh Circuit Court of Appeals does not appear to have ruled on this issue.